IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01204-BNB

GARY ROBERT MILLER,

    Plaintiff,

v.

FREMONT COUNTY CO, SHERIFF JAMES BIKER,
FREMONT COUNTY, CO, DETENTION CENTER, and
JUDGE DAVID THORSON,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Gary Robert Miller, was incarcerated at the El Paso County Criminal Justice Center in Colorado Springs, Colorado, when he initiated this action by submitting *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 2). He since has informed the Court that he is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Denver Reception and Diagnostic Center. *See* ECF No. 9.

Mr. Miller has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action. Pursuant to § 1915(e)(2)(B), the Court must dismiss the action if the claims Mr. Miller is asserting are frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S.

319, 327-28 (1989).

On April 30, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 4) directing Mr. Miller to show cause why the Prisoner Complaint should not be dismissed because he complained about the execution of his sentence. He contended he should have been released from jail effective January 31, 2013, pursuant to a state court order. As a result, he appeared to be asserting habeas corpus claims rather than civil rights claims.

In the April 30 order to show cause, Magistrate Judge Boland pointed out that "[t]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Generally, a state prisoner's challenge to his conditions of confinement is cognizable under 42 U.S.C. § 1983 and 28 U.S.C. § 1343. *See Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011).

Magistrate Judge Boland informed Mr. Miller he may pursue civil rights claims challenging the conditions of his confinement in the instant action. The magistrate judge pointed out that if Mr. Miller intended to challenge the execution of his sentence, he must file a separate habeas corpus action pursuant to 28 U.S.C. § 2241. "In this circuit, a prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement must do so through an application for habeas corpus." *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (citing *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997)); *see also Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011).

On May 14, 2014, Mr. Miller submitted a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 7). The habeas corpus petition, which is not on the Court-approved form for filing an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, will not be considered in the instant action because the April 30 show-cause order specifically informed Mr. Miller that he must file a *separate* habeas corpus action if he wanted to pursue habeas corpus claims. Therefore, the habeas corpus petition (ECF No. 7) he filed in the instant action will be denied without prejudice so that Mr. Miller may pursue habeas corpus claims in a separate action.

Also on May 14, Mr. Miller submitted a document titled "Claims and Cause to be applied to 14 cv 01204 BNB 42 U.S.C. 1983, 1985, 1986 as well as 28 U.S.C. 2241 included herein" (ECF No. 8), apparently in response to the April 30 order to show cause. The Court must construe Mr. Miller's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Prisoner Complaint will be dismissed as legally frivolous.

Because Mr. Miller's habeas corpus petition will be denied without prejudice so that he may pursue habeas corpus claims in a separate action, the Court need not and will not address Mr. Miller's "claims and cause" document as it applies to his habeas corpus petition. The Court will address the "claims and cause" document as it applies to his civil rights claims only.

Despite how he characterizes the "claims and cause" document, Mr. Miller is challenging the execution of his sentence by challenging Defendants' act of holding him

in custody beyond the date he believes they were allowed by law to do so. He also asks for declaratory and injunctive relief, as well as money damages.

To the extent Mr. Miller is challenging the execution of his sentence and seeking habeas corpus relief, his claims may not be raised in a civil rights action pursuant to 42 U.S.C. § 1983. *See Palma-Salazar*, 677 F.3d at 1035 (discussing distinction between habeas corpus claims pursuant to 28 U.S.C. § 2241 and conditions of confinement claims raised in civil rights actions). Mr. Miller also may not challenge the execution of his sentence pursuant to other civil rights statutes such as §§ 1985 or 1986. *See Martínez v. Ensor*, 958 F. Supp. 515, 517-18 (D. Colo. 1997).

To the extent Mr. Miller is seeking other relief with respect to his claims, the claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). In short, a civil rights action filed by a state prisoner "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Mr. Miller has failed to show cause why his Prisoner Complaint should not be dismissed.

Finally, Mr. Miller is suing an improper party. His claims against the Honorable David Thorson, a Fremont County district judge, are subject to dismissal based on the doctrine of judicial immunity. Judges are absolutely immune from a civil rights suit based on actions taken in their judicial capacity, unless they acted in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994).

Judicial immunity "is not overcome by allegations of bad faith or malice," *Mireles*, 502 U.S. at 11, or an assertion that the judge acted in error or exceeded his authority, *see Stump*, 435 U.S. at 1105. Further, a judge acts in the clear absence of all jurisdiction only when he "acts clearly without any colorable claim of jurisdiction." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990). Mr. Miller does not state any facts to indicate that Judge Thorson was acting outside of his judicial capacity.

For these reasons, the instant action will be dismissed as legally frivolous. Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 7) that Plaintiff, Gary Robert Miller, submitted *pro se* on May 14, 2014, is denied without prejudice so that Mr. Miller may pursue habeas corpus claims in a separate action. It is

FURTHER ORDERED that the Prisoner Complaint (ECF No. 1) and the action are dismissed with prejudice as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  9th  day of    June    , 2014.

BY THE COURT:

   s/Lewis T. Babcock   
LEWIS T. BABCOCK, Senior Judge
United States District Court